## DiPietro v. Cichilli

*John W. Crolly,* for plaintiff.
*Kolb & Coyne,* for defendant.

LEACH, P. J., April 24, 1940.—Preliminary objections have been filed to a bill in equity to restrain defendant from applying for the transfer of a liquor license to another premise away from the landlord's premises. It appears that plaintiff's premises had been leased by him and a transfer of liquor license to him had been made upon his promise by agreement under seal that when "upon any occasion or at any time that I wish to close the business or discontinue the license, I will transfer it to Giuseppe DiPietro or his nominee without any charge therefor". Counsel for defendant filed preliminary objections and posed the following question: "Was the contract legal, in accordance with public policy, and enforcible in equity under proper circumstances; or was the contract in violation of the laws of the Commonwealth of Pennsylvania relating to liquor licenses and transfer, was it contrary to public policy and unenforcible by any court?"

Counsel contend that there is no property right in a license to sell liquor, and there is abundant authority for the citation, and it is true as against the State. The cases are collected in Spankard's Liquor License Case, 138 Pa. Superior Ct. 251. It does not follow that the privilege granted thereby can be obtained by a person in violation of his contract and thereafter he may be permitted in fraud of his contract to apply for a transfer of a license to anyone.

Provision is made by the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, that premises shall be properly fitted for the purposes of that act. Not only must there be proper premises but a proper person to whom the privilege can be granted before a license will be granted. There is nothing to prevent the Liquor Control Board from refusing to continue the license either to the person or to the property. Once a property has been fitted for the use and its convenience for the public has been ascertained, it would be greatly against public policy if anyone could obtain possession of the premises and the license under an agreement, and thereafter seek to transfer the

license to other premises in fraud of such agreement. It is a matter of fact that a place fitted for the sale of liquor and with an established clientele has a peculiar and special value. According to the bill, defendant seeks to deprive plaintiff of this peculiar value by getting possession of the premises and the license, and having the license transferred to another situation in fraud of his agreement. Equity has jurisdiction over cases arising in fraud.

April 24, 1940, preliminary objections to plaintiff's bill of complaint are dismissed.